UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LORETTA GAY SCAMP,

                Plaintiff,

-against-

HIGGINS FAMILY TRUST, et al.,

                Defendants.

23-CV-1418 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff is appearing *pro se.* By order dated February 22, 2023, the Court directed Plaintiff, within 30 days, to either submit a completed request to proceed *in forma pauperis* ("IFP"), or pay the $402.00 in fees required to file a civil action in this court. (ECF 2.)

Plaintiff has not submitted the fees or an IFP application. Instead, Plaintiff submitted the following: (1) a "Master Bill of Lading, Ships Manifest Non-Negotiable Bill of Exceptions to the Order Directing Payment of Fee or IFP Application," on February 27, 2023; (2) a "notice of interlocutory appeal," on March 4, 2023; and (3) a "Master Bill of Lading Ship Manifestation (Non-Negotiable) Proof of Consideration," on March 17, 2023, in which Plaintiff refers to herself as a "Moor Irish beneficiary," and cites to various treaties, including the "Treaty of Tripoli 1796-Article X," and the "Treaty of Algiers 1795-Article XIII." (ECF 3-5.)

## DISCUSSION

**A.**     **The Court retains jurisdiction of this action after the filing of the interlocutory appeal**

The Court retains jurisdiction to consider and dismiss Plaintiff's complaint, notwithstanding the pending interlocutory appeal. Normally, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v.*

*Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). "The divestiture of jurisdiction rule is, however, not a per se rule. It is a judicially crafted rule rooted in the interest of judicial economy, designed 'to avoid confusion or waste of time resulting from having the same issues before two courts at the same time.'" *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (quoting *United States v. Salerno*, 868 F.2d 524, 540 (2d Cir. 1989)). For example, the rule "does not apply where an appeal is frivolous[,][n]or does it apply to untimely or otherwise defective appeals." *China Nat. Chartering Corp. v. Pactrans Air & Sea, Inc*., 882 F. Supp.2d 579, 595 (S.D.N.Y. 2012) (citation omitted).

Plaintiff filed a notice of appeal in response to an order directing her to pay the fees or submit an IFP application. Because Plaintiff is attempting to appeal from a nonfinal order that has not been certified for interlocutory appeal, the notice of appeal is plainly defective. Accordingly, this Court retains jurisdiction of this action. *See, e.g., Rodgers*, 101 F.3d at 252 (deeming a notice of appeal from a nonfinal order to be "premature" and a "nullity," and holding that the notice of appeal did not divest the district court of jurisdiction); *Gortat v. Capala Bros., Inc.*, 07-CV-3629 (ILG), 2008 WL 5273960, at *1 (E.D.N.Y. Dec. 18, 2008) ("An exception . . . [to the general rule that an appeal deprives a district court of jurisdiction] applies where it is clear that the appeal is defective, for example, because the order appealed from is not final and has not been certified for an interlocutory appeal.").

**B.    The Complaint is Dismissed Without Prejudice**

The February 22, 2023, order directed Plaintiff, within 30 days, to submit an IFP application or pay the $402.00 in fees required to file a civil action in this court. That order specified that failure to comply would result in dismissal of the complaint. Plaintiff has not filed

an IFP application or paid the fees. Accordingly, the complaint is dismissed without prejudice for failure to comply with the Court's order.

## CONCLUSION

The complaint is dismissed without prejudice. *See* 28 U.S.C. §§ 1914, 1915.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   March 27, 2022
           New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                    Chief United States District Judge